**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Raul GALARZA–CANAS, also known as Raul Canas Galarza, also known as Gabriel Carnales Pena, Defendant–Appellant.**

No. 03–1049.

United States Court of Appeals,
Tenth Circuit.

April 23, 2003.

John W. Suthers, U.S. Attorney, Robert M. Russel, Gregory E. Goldberg, Robert

Campbell Troyer, Office of the United States Attorney, Denver, CO, for Plaintiff–Appellee.

Raul Galarza–Canas, Leavenworth, KS, for Defendant–Appellant.

Before KELLY, BRISCOE and LUCERO, Circuit Judges.

## ORDER AND JUDGMENT*

BRISCOE, Circuit Judge.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R.App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Defendant Raul Galarza–Canas, a federal prisoner appearing pro se, seeks a certificate of appealability (COA) to appeal the district court's denial of his 28 U.S.C. § 2255 motion to vacate, set aside, or correct sentence. We deny his request for a COA and dismiss the appeal.

Defendant was convicted of illegal reentry after deportation in violation of 8 U.S.C. § 1326(a) and was sentenced to 125 months in prison. We affirmed his conviction and sentence on direct appeal. *See United States v. Galarza–Canas*, 29 Fed. Appx. 543 (10th Cir.2002). In his § 2255 motion, defendant contended the district court should have departed downward at sentencing because "his criminal history category exaggerated the gravity of his earlier criminal activities." ROA, Doc. 98 at 2. The district court denied the motion,

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

finding downward departure was addressed by the district court prior to sentencing, and by this court on direct appeal. The court further found that the issue was not properly raised in a § 2255 motion because defendant did not claim that his "sentence was imposed in violation of the Constitution of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." ROA, Doc. 99 at 2 (quoting 28 U.S.C. § 2255).

Issuance of a COA is jurisdictional. *Miller–El v. Cockrell,* 537 U.S. 322, 123 S.Ct. 1029, 1039, 154 L.Ed.2d 931 (2003). A COA can issue only "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller–El,* 537 U.S. at ——, 123 S.Ct. at 1034. After careful review of the record, we conclude the requirements for issuance of a COA have not been met.

We DENY the request for a COA and DISMISS the appeal. The mandate shall issue forthwith.

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.